FRANK KVEDAR, RESPONDENT, v. ISRAEL SHAPIRO, APPELLANT.

Submitted July 10, 1922—Decided November 20, 1922.

1. When a vendee discovers he has been induced to make a contract of purchase by fraudulent misrepresentation of his vendor he has a choice of remedies. He may rescind the contract, restore what he has received and recover back what he has paid, or he may affirm the contract and recover the damages he has sustained by the fraud.
2. Where a vendee has an election between the institution of an action at law for deceit or for breach of warranty against his vendor, the bringing of an action for deceit is a sufficient election of remedies.
3. S. was an agent for the sale of the A. truck. He sought the business of K. and sold K., under a written contract made by him, a truck, stated in the contract to be one and one-half ton truck, which was delivered to K. After using the truck for approximately six weeks K. discovered it was a one-ton truck. K. returned to S. the truck, who resold it. *Held*, that upon proof of these facts in an action for fraud and deceit brought by K. again S. that a nonsuit was properly denied by the trial court.
4. Upon the facts recited the question whether or not K. had rescinded the contract with S. was a question of fact for the determination of the jury.
5. A vendee rescinding a contract of purchase and instituting an action for deceit against the vendor is obliged to put the vendor in *statu quo* as far as he is able to do so. If there is a dispute as to whether the vendee has done so, the question becomes one for the determination of the jury.
6. A general objection on the ground of the insufficiency of the court's charge on a particular branch of the case does not present a question which is reviewable in an appellate court. A specific request to charge covering the subject should be presented to the court. If the court refuses to charge substantially the request an exception may then be taken and a review of the trial court's action will then be made by the appellate court.

On appeal from the Hudson County Circuit Court.

For the appellant, *Alexander Simpson*.

For the respondent, *Aaron A. Melniker* and *William Melniker*.

The opinion of the court was delivered by

KATZENBACH, J.   This is an appeal from a judgment of $1,100 obtained against the appellant, Israel Shapiro, in the Hudson County Circuit Court. The plaintiff below, Frank Kvedar, and Shapiro, on September 18th, 1920, entered into a written agreement by which Shapiro sold to Kvedar for the sum of $2,543 one new one and one-half ton "Apex" automobile truck, fully equipped and complete. Kvedar paid $1,225 upon the purchase price. The balance was to be paid in installments represented by promissory notes made by Kvedar. The agreement provided that the title of the truck was to remain in Shapiro until the full amount of the purchase price was paid. Kvedar took possession of the truck and operated it under the belief that it was a one and one-half ton truck. About November 3d, 1920, the truck was damaged in an accident, and Kvedar found it necessary to procure from the Apex truck agency some new parts. These were obtained for a one and one-half ton truck, and when the mechanic engaged in making the repairs attempted to use the new parts in the repair of the truck they were found to be too large. This led to the discovery that the truck was not a one and one-half ton truck, but a one-ton truck. Kvedar continued to use the truck until November 18th, 1920. On December 3d, 1920, he returned it to Shapiro, who then resold it. Kvedar commenced an action for fraud or deceit against Shapiro, alleging in the complaint that Shapiro had defrauded him by delivering to him a truck different from that specified in the contract; that Shapiro falsely represented that the truck delivered was the truck specified in the contract; that the representations were known by Shapiro to be false and were made for the purpose of deceiving him, and actually did deceive him. To this complaint Shapiro filed an answer denying all the allegations of the complaint, except the purchase of the truck, and with the answer filed a counter-claim for the balance of the contract price. The case was tried with the result above mentioned.

The first ground of appeal is the refusal of the trial judge to direct a nonsuit on the opening statement of plaintiff's

counsel. The contention is that there was a variance between the complaint and the opening statement. The opening of counsel for the plaintiff in set forth in the record. It stated the making of the conditional contract for the one and one-half ton truck; the acceptance of the truck by Kvedar in the belief that it was a one and one-half ton truck; the discovery that it was not a one and one-half ton truck; the return of the truck; the reselling of the truck by Shapiro as a one-ton truck after retaking possession of it, and concluded with the statement that the suit was to recover the money paid under the conditional contract of sale. The position of defendant's counsel on the alleged variance was taken in these words: "The complaint sets out a tort action founded on deceit. The opening statement of counsel is based upon a disaffirmance, setting out that the defendant retook the truck." From this statement we take it that the position of the defendant's counsel is either that an action for deceit cannot be maintained where a contract is disaffirmed, or that if the contract is disaffirmed, this fact must be stated in the complaint.

We do not think either of these positions well taken in the present case. Assuming that the fact of disaffirmance by the plaintiff should have been stated in the complaint, the defendant had taken no action with reference to the sufficiency of the complaint, but had filed an answer thereto and proceeded to trial with the knowledge that the truck had been returned by the plaintiff to the defendant. There was nothing in the nature of surprise in the position taken in the opening. Under these circumstances, it was proper for the trial court, in the exercise of its discretion, to refuse to grant the motion to nonsuit on the opening. An action for deceit may be maintained where there has been no disaffirmance of the contract. An action for deceit may also be maintained where there has been a disaffirmance of the contract. The only difference in the two actions is in the measure of damages.

This distinction was well put by Circuit Judge Sanborn in the case of *Wilson* v. *United States Cattle Ranch Co.*, 73 *Fed. Rep.* 994, in these words:

"When a vendee ascertains that he has been induced to make a contract of purchase by the fraudulent misrepresentations of his vendor, he has a choice of remedies. He may rescind the contract, restore what he has received and recover back what he has paid, or he may affirm the contract, and recover the damages he has sustained by the fraud. He cannot, however, do both. It is as difficult a feat to maintain a cause of action for the consideration paid for the purchase on the ground of rescission, and one for damages for the fraud which induced it, and for a breach of the contract of purchase itself, in the same action, as it is to ride at the same time two horses that are traveling in opposite directions. Upon a rescission of a contract of purchase, the measure of damages is the consideration paid and the moneys naturally expended on account of the purchase before the fraud was discovered. Upon an action for damages for the deceit and fraud which induced the purchase, the measure of damages is what the vendee has lost. It is the difference between that which he had before and that which he had after the contract of purchase was made."

The second ground of appeal is that the trial judge erred in refusing to require and direct the plaintiff to elect between his remedy in tort for fraud and deceit and his remedy on contract for breach of warranty. We see no merit in this contention. The plaintiff could have instituted an action on the contract for breach of warranty if he had so desired, but he preferred to bring an action for fraud and deceit. When he instituted his action for fraud and deceit this was an election of remedies. It is difficult to see how the trial judge could have required the plaintiff to make an election he already had made.

The third ground of appeal is the refusal of the trial judge to grant the defendant's motion to nonsuit made at the conclusion of the plaintiff's case. The motion was based on five grounds. The first was absence of false representation

on the part of the defendant. There was evidence that Shapiro was an agent authorized to sell Apex trucks; that he sought the plaintiff's business; that the contract was made in the name of Shapiro; that the truck was referred to in the contract as a one and one-half ton truck; that it was a one-ton truck. From these facts the inference could be drawn by the jury that Shapiro either knew, or should have known, that the truck delivered was not an one and one-half ton truck. The second ground urged is that the plaintiff did not act with reasonable dispatch in returning the truck after discovery of the fraud. A considerable time did elapse between the discovery of the fraud and the return of the truck. It is well settled that a defrauded party to a contract has but one election to rescind, and that he must exercise that election with reasonable promptitude after discovery of the fraud, and that when he once elects he must abide by his decision. Delay in the rescission of the contract is evidence of a waiver of the fraud, and an election to treat the contract as valid. *Clampitt v. Doyle*, 73 *N. J. Eq.* 678. In the present case the defendant accepted the truck, when the plaintiff returned it, and actually resold it. This action of the defendant made the question as to whether or not there had been a rescission of the contract at least a question for the determination of the jury. The trial court left the qustion to the jury under proper instructions. We think this was all the defendant was entitled to under any aspect of the case. The third ground advanced for reversing the denial of the motion to nonsuit was that the plaintiff did not return the car in the same condition as when he received it. The plaintiff was not obliged to return the car in exactly the same condition as he received it. He was only required to put the defendant in *statu quo*, so far as he was able to do it. *Byard v. Holmes*, 33 *N. J. L.* 119. The question as to whether or not the plaintiff had done so was also under the evidence in the case (the condition of the truck when returned being in dispute) a question for the determination of the jury and not for the court. The trial judge left this question to the jury, and in this disposition of it we see no

error. The fourth ground argued in connection with the motion to nonsuit is that there was no rescission of the contract, and the fifth ground is that there was a variance between the cause of action laid in the complaint and the proof. The question of rescission was for the jury. The question of variance has been considered.

The fourth ground of appeal is the refusal of the trial court to direct a verdict for the defendant at the conclusion of the testimony. This brings up the same questions as on the refusal of the motion to nonsuit, all of which we have considered.

The fifth ground of appeal is an alleged error of the trial judge in his charge to the jury. The portion of the charge complained of is set forth at length in the grounds of appeal. It deals with the question of rescission and the return of the goods. After the delivery of the charge, the defendant's counsel objected to this portion of the charge, not because of what the court had said, but because of what, in the opinion of counsel, the court had omitted to say. Counsel's objection at the trial was made in these words: "In laying down the rule as to rescission, the only thing your honor referred to was the fact that he must act within a reasonable time. There was nothing said of the duty of the buyer to restore the goods." In his brief appellant's counsel says, in speaking of this part of the court's charge: "The objection to this portion of the charge is that it fails to instruct the jury that one of the conditions precedent to a rescission is a return of the goods in the same condition as when the goods were received, reasonable wear and tear excepted." The complaint, therefore, is that the charge is not sufficiently comprehensive. The remedy in such a situation is for counsel to present to the trial court a distinct request to charge upon the subject he desires covered by the court's charge. If the court refuses to charge the substance of the request an exception may be taken to the court's refusal and, under this exception, a reviewing court will consider whether or not the court had erred in its refusal to charge as counsel has requested. A general objection on the ground of the insuffi-

ciency of a charge does not present a question which is reviewable in an appellate court. *Lieberman* v. *Brill,* 94 *N. J. L.* 387. Exceptions to a charge must be confined to what the court has said, or has refused to say, when requested to charge specific requests, and not to what counsel may feel the court has omitted to say in its charge.

The other grounds of appeal are that the verdict is contrary to the evidence and the damages are excessive. These are matters not reviewable on an appeal.

The judgment will be affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ.   15.

*For reversal*—None.